CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 05 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRIS ETHERIDGE, #345258, ) | |
|     Plaintiff, ) | Civil Action No. 7:05-cv-00398 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CITY OF DANVILLE JAIL, et al., ) | By: Hon. James C. Turk |
|     Defendant(s). ) | Senior United States District Judge |

Plaintiff Chris Etheridge, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Etheridge alleges that when he was transferred from the Danville City Jail (jail) to a Virginia Department of Corrections (VDOC) facility, a jail officer told him that he could not take certain property with him because it was disallowed at the VDOC facility. Etheridge does not state what relief he seeks. Upon review of the complaint, the court finds that the allegations fail to state any claim upon which Etheridge is entitled to relief under §1983. Therefore, the court must dismiss his action without prejudice, pursuant to §1915A. Under this provision, the court may dismiss an action filed by a prisoner against government officials at any time as frivolous, malicious or for failure to state a claim upon which relief may be granted.

Etheridge alleges the following facts on which his claim is based. On June 15, 2005, he and other inmates were transported from the jail in Danville to Sussex I State Prison. That morning, jail employee Officer Bray informed Etheridge that all he could take with him to Sussex I was a Bible and his legal mail. Bray would not let Etheridge take other property, including his regular mail, family pictures, a Bible handbook, a cell phone, and a silver ring worth over $200. Etheridge complains that if he had brought this property with him to Sussex I, state officials would have

1

allowed him to mail the disallowed items to family or friends.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). An intentional, random deprivation of property by a state employee, unrelated to any state policy, does not give rise to any constitutional claim if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517 (1984). Inmates in Virginia have a remedy under state law to recover the monetary value of property lost or destroyed by state officials. See Virginia Code §8.01-195.3 (Tort Claims Act). Deprivation of property by a state employee pursuant to a state policy does not offend the constitution so long as the procedural protections afforded by prison officials are sufficient to ensure that deprivations pursuant to the policy are lawful. Zinermon v. Burch, 494 U.S. 113, 126 (1990). A post-deprivation remedy for mistaken deprivations will suffice where the property interest at stake is adequately protected by such procedures Id.

In the present case, Etheridge appears to complain that prison employees confiscated items from his cell without providing him with notice or a pre-deprivation hearing. Yet, Etheridge has alleged no facts suggesting that post-deprivation remedies available to him have proven inadequate to protect his property interests under such circumstances. Indeed, he does not allege that he has attempted to file any sort of grievance with jail officials or state officials regarding his desire to retrieve his property and/or dispose of it as he desires. Moreover, the deprivation in this case was not made pursuant to any state prison policy, and such random acts do not present any actionable federal claim. Etheridge may pursue the available post-deprivation remedy under the Virginia Tort

2

Claims Act to recover the monetary value of his property. The court must dismiss this action, however, as he states no claim actionable under §1983. See §1915A(b)(1). An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to the Office of the Attorney General of Virginia.

ENTER: This 5th day of July, 2005.

/s/ James C. Turk
Senior United States District Judge